# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 23-1981V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| | * | |
| BROOKELYN HART, | * | Chief Special Master Corcoran |
| | * | |
| Petitioner, | * | Filed:  January 14, 2026 |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Nathan Joseph Marchese*, Siri & Glimstad LLP, New York, NY, for Petitioner.

*Emilie Williams*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION GRANTING INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On November 14, 2023, Bridget Hart, on behalf of Brookelyn Hart., filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petition (ECF No. 1) at 1. Brookelyn Hart later became of age and was appointed as the Petitioner in the case. Order, dated March 26, 2025 (ECF No. 31). Petitioner claims that she suffered symptoms of autonomic dysfunction, including Postural Orthostatic Tachycardia Syndrome and Amplified Musculoskeletal Pain Syndrome, as a result of an influenza vaccine administered on November 29, 2022. Petition at 1.

On December 28, 2024, a Motion for Interim Attorney's Fees and Costs was filed in this case due to the withdrawal of prior counsel, Andrew Downing, Esq. Motion for Interim Attorney's Fees and Costs, dated Dec. 28, 2024 (ECF No. 26) ("Interim Fees Mot."). It is the first fees request

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

in this case, and Petitioner requests a total of $27,471.85, reflecting $20,388.50 in attorneys' fees and $7,133.35 in costs. Interim Fees Mot. at 11.

Respondent reacted to the fees request on April 11, 2025. *See* Response, dated Apr. 11, 2025 (ECF No. 32) ("Resp."). Respondent defers to my discretion as to whether Petitioner has met the legal and statutory requirements for an interim fees and costs award, as well as the calculation of the amount to be awarded. *Id.* at 1–2.

For the reasons set forth below, I hereby grant Petitioner's motion, awarding fees and costs in the total amount of **$27,435.85**.

## ANALYSIS

### I.     Requests for Interim Attorney's Fees and Costs

I have in prior decisions discussed at length the standards applicable to determining whether to award fees on an interim basis. *Auch v. Sec'y of Health & Hum. Servs.*, No. 12-673V, 2016 WL 3944701, at *6–9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Hum. Servs.,* No. 13-956V, 2015 WL 6181669, at *5–9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before fees or costs incurred to that point in time, but prior to the case's full resolution, may be awarded. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health & Hum. Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). But because no entitlement determination has been (usually) made at the time an interim award is sought, the party requesting such an award must meet the reasonable basis standard applicable to literally "unsuccessful" cases. *Avera*, 515 F.3d at 1352.

While there is no presumption of entitlement to interim fees and costs awards (rendered in advance of a case's final determination), special masters may in their discretion make such awards, and often do so. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16. Criteria that I have found to be important in determining whether an interim award should be permitted include: 1) if the amount of fees requested exceeds $30,00.00; 2) where expert costs are requested, if the aggregate amount is more than $15,00.00; or 3) if the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Hum. Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017). In addition, the withdrawal or substitution of counsel is often deemed reasonable grounds in and of itself for an interim award (except where the special master has foundational concerns about the claim's reasonable basis). *See e.g., Woods v. Sec'y of Health & Hum. Servs.*, 105 Fed. Cl. 148, 154 (2012).

For fee requests generally, counsel must submit contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in his experience and judgment, [is] reasonable for the work done." *Id*. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The Petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

I find an interim award is appropriate in this case. The evidence provided in this case is enough to raise a question as to causation and warrant an entitlement hearing, and Respondent has not argued against a finding of reasonable basis. Therefore, reasonable basis has been met. In addition, withdrawal of counsel is a reasonable occasion for a fees award—especially when reasonable basis is not at issue.

## II.    Calculation of Fees

Only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely*, 461 U.S. at 429–37.

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there

3

is a substantial difference in rates (the so-called "*Davis*" exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her various attorneys, based on the years work was performed:

|  | **2023** | **2024** |
|---|---|---|
| **Andrew Downing (Attorney)** | $445 | $485 |
| **Ann Allison (Attorney)** | $415 | $435 |
| **Courtney Jorgenson (Attorney)** | n/a | $375 |
| **Danielle Avery (Paralegal)** | $155 | $175 |
| **Alex Malvick (Paralegal)** | $155 | $175 |
| **Samantha Perez (Paralegal)** | n/a | $175 |

Interim Fees Mot. at 14.

Mr. Downing, Ms. Allison, and Ms. Jorgenson practice in Phoenix, Arizona—a jurisdiction that has been deemed "in forum," and thus entitling them to commensurate rates established in *McCulloch. See Rich v. Sec'y of Health & Hum. Servs.*, No. 12-742V, 2017 WL 1435879 (Fed. Cl. Spec. Mstr. Mar. 28, 2017). The hourly rates requested for the attorneys and their associated paralegals for time billed in 2023 and 2024 are reasonable and consistent with our prior determinations and will therefore be adopted herein. *Cracraft v. Sec'y of Health & Hum. Servs.*, No. 20-0562V, 2024 WL 2992939 (Fed. Cl. Spec. Mstr. May 9, 2024); *see also, Fiorello v. Sec'y of Health & Hum. Servs.*, No. 17-1869V, 2025 WL 2528894 (Fed. Cl. Spec. Mstr. Aug. 6, 2025).

I have reviewed the billing records submitted with petitioner's request and have found one instance of a mid-year fee increase that needs to be addressed. Alex Malvick's 2023 rate is $155 an hour. Interim Fees Mot. at 14. However, On November 17, 2023, Mr. Malvick charged $175 an hour. ECF No. 26-1 at 5. It is likely that this was a clerical error as Mr. Malvick's the next time entry (November 20, 2023) was reduced back to $155 an hour. Regardless of whether this was a

4

mistake or not, it is not the practice of the OSM to afford mid-year rate increases to attorneys under any circumstances. Accordingly, I reduce this time entry by $36.00 to reflect a rate of $155 per hour.[3]

Beyond this one instance of a mid-year increase, all attorneys' and paralegal's requested hourly rates are reasonable and in line with what has previously been awarded. I find no further reason to adjust any hourly rates.

### III.    Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault*, 52 Fed. Cl. at 670; *Perreira*, 27 Fed. Cl. at 34. Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester,* 2013 WL 5367670, at *16. When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $7,133.35 in outstanding costs, which includes $6,250.00 for Dr. Miglis's expert fees and $833.35 in miscellaneous litigation costs, like medical record retrieval costs, mailing costs, and filing fees. ECF No. 26-1 at 9. Dr. Miglis's charges a rate of $500.00 an hour and has submitted an itemized receipt of his time. *Id.* at 27. Dr. Miglis has been awarded his requested hourly rate by other special masters, and I see no reason to disturb his request. *See Lizalde v. Sec'y of Health & Hum. Servs.*, No. 21-1791V, 2025 WL 2223405, at *6 (Fed. Cl. July 8, 2025); *Coons v. Sec'y of Health and Hum. Servs.*, No. 20-1067V, 2022 WL 2294213, at *7; *see also Walker v. Sec'y of Health & Hum. Servs.*, No. 16-543V, 2019 WL 7288770, at *4 (Fed. Cl. Spec. Mstr. Dec. 2, 2019). I find the overall number of hours expended by Dr. Miglis to be reasonable, and I will award his expert costs in full.

Similarly, the Petitioner has provided supporting documentation for all other claimed costs. *See* ECF No. 26-1 at 9–26. The costs requested herein are typical in Program cases and were reasonably incurred in this matter, and Respondent offered no specific objection to the rates or amounts sought. Therefore, I find the requested costs reasonable and hereby award them in full.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of an interim fees award, I **GRANT** Petitioner's Motion for an Interim Award of

---

[3] Determined by: (1.8 hours x $175 hourly rate) – (1.8 hours x $155 hourly rate) = $36. ECF No. 26-1 at 5.

Attorney's Fees and Costs. **I award a total of $27,435.85. (reflecting $20,352.50 in fees, and $7,133.35 in costs) to be paid through an ACH deposit to Petitioner's former counsel, Andrew Downing's, IOLTA account for prompt disbursement.** In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court SHALL ENTER JUDGMENT in accordance with the terms of this Decision.[4]

        **IT IS SO ORDERED**.

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

6